UNITED STATES DISTRICT COURT       b
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

KENGARRICA WILIAMS, *et al.*      CIVIL ACTION 3:17-CV-00811

VERSUS      JUDGE JAMES

SENTRY INSURANCE A      MAGISTRATE JUDGE PEREZ-MONTES
MUTUAL CO., *et al.*

## *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER AND ORDER LIFTING AUTOMATIC STAY FOR THE LIMITED PURPOSE OF CONSIDERING JURISDICTION AND REMAND

### I. Background

Before the Court is a Complaint removed from a Louisiana state court by Defendants Rue 21, Inc., Cindy Hamby, Shatoria Wilson, and Sentry Insurance Company (Doc. 1). Defendant premises federal jurisdiction on diversity of citizenship.

Plaintiffs filed their petition for damages in state court on May 9, 2017 (Doc. 1-5). Defendant Rue 21 filed for Chapter 11 bankruptcy on May 15, 2015 (Doc. 10-1). Defendants then removed this case on June 26, 2017, without any mention of the bankruptcy[1] (Doc. 1). Defendants alleged in their Notice of Removal that Cindy Hamby and Shatoria Wilson were fraudulently joined as defendants. Defendant Rue 21 filed a Suggestion of Bankruptcy on July 10, 2017 (Doc. 10), invoking the automatic stay. Plaintiffs filed a Motion to Remand and for Attorney Fees (Doc. 22).

In a telephone conference held on July 27, 2017, Plaintiffs made a verbal Motion to Lift the Stay of this case for purposes of deciding the motion to remand

---

[1] Defendants did not remove the case pursuant to 28 U.S.C. § 1452 (removal of claims related to bankruptcy cases).

(Doc. 26). In response, Defendants opposed the Motion to Lift the Stay and conditionally moved to extend the time to respond to the Motion to Remand (Doc. 27).

II. Law and Analysis

   A. The stay of this case should be lifted for the limited purpose of considering this Court's jurisdiction, which includes considering Plaintiff's Motion to Remand.

There is an automatic stay in this case because Defendant Rue 21, Inc. filed for bankruptcy (Doc. 10). Defendants removed the case to this Court on the basis of diversity jurisdiction *after* Rue 21 filed for bankruptcy (Doc. 1-2), and now contend that remand is prohibited by the automatic stay. The stay did not prevent Defendants from removing this case.

Section 362 of the Bankruptcy Code states that a bankruptcy petition "operates as a stay, applicable to all entities, of—(1) the…continuation…of a judicial…proceeding against the debtor that was…commenced before the commencement of the [bankruptcy]." See 11 U.S.C. § 362. The automatic stay takes effect under 11 U.S.C. § 362(a)(1) upon the filing of a petition in bankruptcy and acts to stay any judicial "proceeding against the debtor." Its purposes are to protect the debtor's assets, provide temporary relief from creditors, and further equity of distribution among the creditors by forestalling a race to the courthouse. See GATX Aircraft Corp. v. M/V Courtney Leigh, 768 F.2d 711, 716 (5th Cir. 1985); see also Hunt v. Bankers Trust Co., 799 F.2d 1060, 1069 (5th Cir. 1986).

"The automatic stay of the bankruptcy court does not divest all other courts of jurisdiction to hear every claim that is in any way related to the bankruptcy proceeding. As [the Fifth Circuit has] noted, other district courts retain jurisdiction

to determine the applicability of the stay to litigation pending before them, and to enter orders not inconsistent with the terms of the stay." Picco v. Global Marine Drilling Co., 900 F.2d 846, 850 (5th Cir. 1990) (citing Hunt, 799 F.2d at 1069); see also In re Barnes, 279 Fed. Appx. 318, 320 (5th Cir. 2008); Arnold v. Garlock Inc., 288 F.3d 234, 236 (5th Cir. 2002); In re Federal-Mogul Global, Inc., 37 Fed. Appx. 88, *1 (5th Cir. 2002); Jefferson County School District v. Lead Industries Ass'n, Inc., 223 F. Supp. 2d 771, 781 (S.D. Miss. 2002). "[A] bankruptcy court does not have the power to preclude another court from dismissing a case on its docket, or to affect the handling of a case in a manner not inconsistent with the purpose of the automatic stay." Dennis v. A.H. Robins Co., Inc., 860 F.2d 871, 872 (8th Cir. 1988).

Further, a district court has the power to dismiss a case for failure to comply with its rules, regardless of a bankruptcy stay, in the interest of advancing a crowded docket and preserving respect for the integrity of its internal procedures. See Dennis, 860 F.2d at 872; see also O'Donnell v. Vencor Inc., 466 F.3d 1104, 1108-09 (9th Cir. 2006); Tomlin v. Health Assurance, LLC, 2017 WL 3090270, *2 (S.D. Miss. 2017) (dismissal of all claims pursuant to Fed. R. Civ. P. rule 41 for failure to prosecute did not violate the automatic stay); Villareal v. City of Laredo, 2007 WL 2900572 (S.D. Tex. 2007), aff'd in part, 354 Fed. Appx. 177 (5th Cir. 2009); Main v. Kaspar, 2004 WL 2792128 (W.D. Tex. 2004) (holding that a denial of defendant's motion to dismiss was not inconsistent with the terms of the automatic stay); MTGLQ Investors, L.P. v. Guire, 286 F.Supp.2d 561, 563 (D. Md. 2003) (automatic stay did not preclude district court from ruling on motion to transfer venue, since granting that motion

3

would merely change forum and not shift priority of creditors or disrupt debtors' statutory breathing spell). And, critically here, a bankruptcy stay does not preclude a remand. See Henry v. Cooper/T. Smith Stevedoring Co., 2016 WL 6080992, *2 (E.D. La. 2016) (a remand on equitable grounds pursuant to 28 U.S.C. § 1452(b) is not precluded by a bankruptcy stay) (citing Hudgens v. Deer Valley Home Builders, Inc., 2009 WL 2878052, *2 (W.D. La. 2009) (Drell, J.) (§ 362(a) does not explicitly preclude a remand on the parties' joint motion for remand)).[2]

*A fortiori*, a district court's remand to the state court for lack of jurisdiction is not a prohibited "continuation" of the action under § 362. Where subject matter jurisdiction is lacking and the district court does not reach the merits of the claims, the court need not retain jurisdiction over a party in bankruptcy pursuant to the automatic stay provision of § 362. See Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 Fed. Appx. 62, 63 at n. 1 (9th Cir. 2011); see also Independent Union of Flight Attendants v. Pan American World Airways, Inc., 966 F.2d 457, 459 (9th Cir. 1992). "Section 362 does not prevent remand of an improperly removed action because remand is not a prohibited continuation of the action under § 362." Sanders v. Farina, 197 F. Supp. 3d 892, 894 n. 3 (E.D. Va. 2016), aff'd, 671 Fed. Appx. 183 (4th Cir. 2016); see also ComUnity Collectors LLC v. Mortgage Electronic Registration Services, Inc., 2012 WL 3249509, *5 (N.D. Ca. 2012) (considering a motion to dismiss for lack of subject matter jurisdiction does not implicate the underlying issues or merits of the action, so the automatic stay does not apply);

---

[2] Declining to follow Liljeberg Enters. Int's, LLC v. Vista Hospital of Baton Rouge, Inc., 2004 WL 2725965 (E.D. La. 2004) (holding the stay applies to a motion for abstention and remand).

4

Schaffer v. Atlantic Broadcasting of Lindwood NJ Ltd. Liab. Co., 2011 WL 1884734 at *4 (D.N.J. May 17, 2011) (a district court may remand a lawsuit to state court for lack of subject matter jurisdiction or improper venue notwithstanding a pending petition for bankruptcy filed by one of the defendant-debtors); Evans v. Anderson, 2010 WL 118398 at *1 (N.D. Cal. Jan. 7, 2010) ("[W]here the district court lacks jurisdiction over the action filed before it the court is not without power to remand the action and the stay does not deprive it of that power."); MTGLQ Investors, L.P. 386 F. Supp. 2d at 563 (dismissing or transferring the case on jurisdictional grounds does not constitute a prohibited "continuation" of the action under § 362); County of Cook v. Mellon Stuart Co., 812 F. Supp. 793, 798 n. 3 (N.D. Ill.1992) (a § 362 stay does not prevent a district court from remanding an improperly removed action).

In this case, consideration of issues as to this Court's subject matter jurisdiction will not affect either the debtor's assets or the creditors' standing in the bankruptcy case. Therefore, this Court can consider whether this case was properly removed without violating the automatic stay.

B. <u>Diversity jurisdiction is not clear from the pleadings.</u>

The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008) (internal citation and quotation omitted). Further, "when jurisdiction

depends on citizenship, citizenship must be distinctly and affirmatively alleged." Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988). The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). This duty persists throughout all phases of the litigation, even after trial and the entry of final judgment. See id. at 506-07.

The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain. See Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 448 (5th Cir. 2003). A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C., 757 F.3d 481, 483 (5th Cir. 2014). The citizenship of a general partnership depends on that of all partners. See Int'l Paper Co. v. Denkmann Associates, 116 F.3d 134, 135, 137 (5th Cir. 1997). The citizenship of a limited liability company ("L.L.C."), a limited partnership, or other unincorporated association or entity is determined by the citizenship of all its members. See Harvey, 542 F.3d at 1079-80.

Defendants show that Plaintiff Kengarrica Williams is a citizen of Louisiana (Doc. 1-2). Kengarrica Williams appears both individually and as tutrix of her minor child, A.L. The citizenship of A.L. is not alleged.

Defendants allege that Sentry Insurance A Mutual Company is a "foreign mutual insurance company" organized under the laws of Wisconsin, with its principal place of business in Wisconsin. Since Defendants have not alleged what type of business entity Sentry Insurance is, the Court cannot determine whether Defendants have properly alleged its citizenship.

Defendants allege that Burlington Sand Realty, L.L.C. is a limited liability company whose members are all "residents of states other than Louisiana" (Doc. 1-2). Defendants have not specifically identified the members of Burlington Sand Realty, L.L.C. and their citizenships.

Defendants allege Rue 21, Inc. is a Delaware corporation with its principal place of business in Pennsylvania (Doc. 1-2). Therefore, it is a citizen of both Delaware and Pennsylvania.

Defendants contend Cindy Hamby and Shatoria Wilson are citizens of Louisiana. Defendants allege they are improperly joined to defeat diversity jurisdiction. That issue is argued in Plaintiffs' Motion to Remand (Doc. 22).

Diversity of citizenship is not clear from the pleadings. Therefore, the existence of federal jurisdiction is in question, even notwithstanding the issues raised in the Motion to Remand.

III. <u>Orders.</u>

IT IS ORDERED that the stay of this case is LIFTED FOR THE LIMITED PURPOSE of considering this Court's diversity jurisdiction, including the Motion to Remand (Doc. 22).

7

The Clerk of Court is DIRECTED to serve a copy of this order upon all parties to this action IMMEDIATELY.

IT IS ORDERED that the parties have **45 days** from the date of this Order to conduct discovery limited to the issue of jurisdiction only.

IT IS FURTHER ORDERED that, no later than **60 days** from the date of this Order, Defendants Rue 21, Inc., Cindy Hamby, Shatoria Wilson, and Sentry Insurance Company shall file:

(1) a Jurisdictional Memorandum setting forth:

    (a) the citizenship of the minor child, A.L.;

    (b) the citizenship of Sentry Insurance, specifically including its place of incorporation and principal place of business or, if it is not incorporated, the citizenship of each of its members; and

    (c) the names of the members of Burlington Sand Realty, L.L.C. and their citizenships;

(2) a motion for leave to amend the jurisdictional allegations of the Notice of Removal, to adequately allege diversity jurisdiction; and

(3) a response to Plaintiff's Motion to Remand (Doc. 22).

IT IS FURTHER ORDERED that Plaintiff will be allowed **7 days** from receipt of Defendants' memorandum regarding jurisdiction and response to the Motion to Remand to file a Reply.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 17th day of August, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge