| | |
|---|---|
| KENGARRICA WILLIAMS, *et al.* | CIVIL ACTION 3:17-CV-00811 |
| VERSUS | JUDGE JAMES |
| SENTRY INSURANCE A MUTUAL CO., *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand and for Attorney Fees filed by Plaintiffs (Doc. 22). Williams' Motions to Remand and for Attorney Fees should be granted.

## I. Background

Plaintiff Kengarrica Williams ("Williams") filed a petition for personal injury damages on behalf of herself and her minor child A.L., Jr., in a Louisiana state court (Doc. 1-5). The named defendants are Rue 21, Inc., Cindy Hamby (an employee of Rue 21, Inc. in Bastrop, Louisiana), Shatoria Wilson (an employee of Rue 21, Inc. in Bastrop, Louisiana), Sentry Insurance, A Mutual Company (a general liability insurer of Rue 21, Inc. and its employees), and Burlington Sand Realty, L.L.C. (owner and operator of the premises occupied by Rue 21, Inc. in Bastrop, Louisiana) (Doc. 1-5).

Williams alleges that, on May 28, 2016, Hamby and/or Wilson placed a metal sign holder on top of a clothing rack that had been placed on a sidewalk for a sale (Doc. 1-5). The metal sign holder was not secured to the rack and it fell, striking A.L.

on the head and injuring him (Doc. 1-5). Plaintiffs seek monetary damages, costs, and judicial interest.

Defendants removed, premising federal jurisdiction on diversity of citizenship (Doc. 1).

Plaintiffs filed their petition for damages on May 9, 2017 (Doc. 1-5). Defendant Rue 21 filed for Chapter 11 bankruptcy on May 15, 2017 (Doc. 10-1). Defendants then removed this case on June 26, 2017, without any mention of the bankruptcy[1] (Doc. 1). Defendants alleged in their Notice of Removal that Cindy Hamby and Shatoria Wilson were fraudulently joined as defendants. Defendant Rue 21 filed a Suggestion of Bankruptcy on July 10, 2017 (Doc. 10), invoking the automatic stay. Plaintiffs' Motion to Lift the Stay for purposes of deciding the motion to remand (Doc. 26) was granted (Doc. 30).

## II. Law and Analysis

### A. Plaintiff's unopposed Motion to Remand should be granted.

Plaintiffs' filed a motion to remand (Doc. 22), arguing Wilson and Hamby are not improperly joined. Defendants' contend in their response (Doc. 32) that, due to "recently discovered evidence uncovered during depositions of witnesses," they no longer have any opposition and do not oppose Plaintiffs' motion to remand.

The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. "Complete diversity requires that

---

[1] Defendants did not remove the case pursuant to 28 U.S.C. § 1452 (removal of claims related to bankruptcy cases).

all persons on one side of the controversy be citizens of different states than all persons on the other side." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008) (internal citation and quotation omitted).  Further, "when jurisdiction depends on citizenship, citizenship must be distinctly and affirmatively alleged." Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988).  The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).  This duty persists throughout all phases of the litigation, even after trial and the entry of final judgment.  See id. at 506-07.

Plaintiff Kengarrica Williams is a citizen of Louisiana (Doc. 1-2).  Williams appears both individually and as tutrix of her minor child, A.L.  The citizenship of A.L. is not alleged.

Sentry Insurance A Mutual Company is a "foreign mutual insurance company" organized under the laws of Wisconsin, with its principal place of business in Wisconsin.  Since Defendants have not alleged what type of business entity Sentry Insurance is, the Court cannot determine whether Defendants have properly alleged its citizenship.

Burlington Sand Realty, L.L.C. is a limited liability company whose members are all "residents of states other than Louisiana" (Doc. 1-2).  Defendants have not specifically identified the members of Burlington Sand Realty, L.L.C. and their citizenships.

3

Rue 21, Inc. is a Delaware corporation with its principal place of business in Pennsylvania (Doc. 1-2). Therefore, it is a citizen of both Delaware and Pennsylvania.

Cindy Hamby and Shatoria Wilson are citizens of Louisiana. Defendants initially alleged they were improperly joined to defeat diversity jurisdiction, but have since withdrawn that claim (Doc. 32).

It is unnecessary, now, to determine the citizenships of the minor child, Sentry Insurance, and Burlington Sand Realty. There is not complete diversity of citizenship between all defendant and all plaintiffs because Williams, Wilson, and Hamby are all citizens of Louisiana.

Accordingly, Plaintiffs' unopposed Motion to Remand (Doc. 22) should be granted.

B. <u>Plaintiffs' Motion for Attorney Fees should be denied.</u>

Plaintiffs also ask for an award of attorney fees (Doc. 22) incurred due to the removal and remand of this case.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no automatic entitlement to an award of attorney's fees. See <u>Valdes v. Wal-Mart Stores, Inc.</u>, 199 F.3d 290, 292 (5th Cir. 2000). The clear language of the statute makes such an award discretionary. See <u>Valdes</u>, 199 F.3d at 292. The mere determination that removal was improper does not require a district court to award attorney fees. See <u>Valdes</u>, 199 F.3d at 292. The Court does not consider the motive of the removing defendant. See <u>Valdes</u>, 199 F.3d at 292. Instead, the Court considers

whether the defendant had objectively reasonable grounds to believe the removal was legally proper at the time of removal. See Valdes, 199 F.3d at 293.

Defendants removed, contending Hamby and Wilson were improperly joined. The propriety of joinder was determined after limited discovery. Defendants then conceded they had been wrong and withdrew their opposition to Plaintiffs' Motion to Remand. Since Defendants had an objectively reasonable ground to believe removal was legally proper at the time of removal, Plaintiffs' motion for attorney fees (Doc. 22) should be denied.

III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Plaintiffs' Motion to Remand (Doc. 22) be GRANTED and this case be remanded to the Louisiana Fourth Judicial District Court in Morehouse Parish.

IT IS FURTHER RECOMMENDED that Plaintiffs' Motion for Attorney Fees be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

5

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __2nd__ day of November, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge